IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHUCKY EUGENE WILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-00044 |
| | ) | |
| TERESA MATTOX and | ) | Chief Judge Haynes |
| GILES COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

Plaintiff, Chucky Eugene Willard, a prisoner at the Giles County Jail in Pulaski, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants Teresa Mattox and Giles County Jail. Twenty-eight U.S.C. §§ 1915(e)(2) and 1915A, require an initial review of this action.

According to his complaint, Plaintiff alleges that on April 2, 2013, he had "a knot come up on [his] back" while at the Giles County Jail. (Docket Entry No. 1, Complaint at 5). Plaintiff requested to see a nurse and was examined by a nurse on April 7, 2013. According to Plaintiff, this nurse made an appointment for Plaintiff to be examined by an outside nurse practitioner on April 9, 2013. A nurse practitioner examined Plaintiff and "cut a slit" in the "knot." The nurse practitioner told the correction officer accompanying Plaintiff that the knot was not "life threatening." Id. Plaintiff alleges that the nurse practitioner did not biopsy or otherwise test the tissue from the knot. The nurse practitioner sent Plaintiff back to the jail with an open wound on his back. Plaintiff alleges that the jail is unsanitary and that his wound could have become infected, and he could have infected other people at the jail. Plaintiff does not allege that the

wound actually became infected nor allege any further problems with the wound.

Plaintiff further states that the correction officers who distribute medication at the jail are not licensed to do so and "when ask[ed] what the medications are for they don't have a clue." Id. Plaintiff alleges that the nurse at the jail lacks a schedule and just "comes and goes as she pleases." Id. According to Plaintiff, the jail does not have a nurse on call 24/7, but does not allege any personal injury as a result of these practices.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Section 1983 does not provide establish rights, but provides a remedy for violations of federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff's factual allegations would present a controversy under the Eighth or Fourteenth Amendments. "The Eighth Amendment applies to convicted prisoners that prohibits prison officials from 'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' towards the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). If Plaintiff is a pretrial detainee rather than a convicted prisoner, his rights are protected by the Fourteenth Amendment rather than the Eighth, but the standard is basically the same. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).

A deliberate-indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th

Cir. 2001). To satisfy the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.2d at 702 (citing *Farmer*, 511 U.S. at 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). For the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." Id. Thus, "negligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution, [but] failure to provide adequate treatment is a violation of the [E]ighth [A]mendment when it results from 'deliberate indifference to a prisoner's serious illness or injury.'" *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Estelle*, 429 U.S. at 106).

Here, Plaintiff alleges a knot on his back that could plausibly present a serious medical condition to satisfy the "objective" component. Yet, Plaintiff's sick-call request, was honored by a nurse at the jail who referred him to an outside medical practitioner. Within two days the outside practitioner examined Plaintiff. Although Plaintiff disagrees with his treatment, Plaintiff does not allege that his wound actually became infected or that he has suffered from any complications arising from the treatment he received. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385

(6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Plaintiff's claims concern the adequacy of his medical treatment and fails to state a claim for relief under Section 1983.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 17th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court